Aron Stbuer, J.
The complaint having been dismissed at the close of plaintiff’s case, under familiar principles the facts as brought out must be deemed to be established.
*1014 The defendant newspaper published a series of puzzles, known as “ The Little Fooler.” They were in the nature of crossword puzzles. A cash prize was offered for correct solutions in accordance with rules published simultaneously with the puzzles.
Buie 7 provided: ‘ ‘ This is a contest of skill. Study the clue definitions carefully before writing in your answers. Only one answer is best. The News will appoint a committee of judges to consider all entries and select the prize winner or winners. By entering, all entrants agree that the decisions of the judges shall be final and binding. No entries will be returned. All entries become the property of The News.”
Plaintiff submitted a solution to puzzle No. 8 in this series. She claims that her solution is correct and that she is entitled to the prize money. In her solution she filled one of the spaces with the word ‘ rap. ’ ’ The solution as given by the defendant was “ ran.” The plaintiff offered proof that the word rap was a better answer to the clue given than the word ran.
It is beyond dispute that on an issue of this kind whatever the designated judges decide is final (Furgiele v. Disabled Amer. Veterans Service Foundation, 116 F. Supp. 375, affd. 207 F. 2d 957). Ordinarily this would be conclusive of plaintiff’s case, but here the claim is made that the judges decided nothing of the sort. The proof to support this contention was that a John J. Smith was appointed as the committee of judges. No point is made that there were no additional members of the committee. Mr. Smith organized a staff to check the large number of entries. He received the puzzles and the so-called correct solutions from the Chicago Tribune and his activities and those of his staff were confined to a determination of whether the entries conformed to the solution with which he was thus supplied.
The solution of the puzzle requires the best answer to the clue. As the rule states only one answer is best. Who is to say what the best answer is? According to the same rule it is the committee of judges. But according to the testimony, Mr. Smith gave no thought or consideration to such propositions at all. He accepted without reservation the solution handed to him. If the authority designated to decide what is best does not so decide the question remains open and the jury must then say what is the only “ best ” answer.
The rules make no provision as to what means or method the judge is to use in reaching his decision. Obviously he can accept whatever advice he deems worthy. It might be argued that in accepting the solution supplied him he was accepting the advice of the unknown solver. But whether such acquiescence in advance is deciding in the meaning of the rules is at best a question of fact.
*1015 Publication of the puzzle and rules is an offer and a solution in accord with the rules is an acceptance. The solver has a right to rely on the rules to the same extent that he himself is bound by them. It is to be observed that the defendant does not reserve to itself the right to decide what is best. It designated someone else. If that person did not decide, the question becomes one of fact and whether or not he decided is also a question of fact.
The judgment should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.