Peirson R. Hildreth, S.
Motion for substitution of attorneys. The right of the client to change attorneys is not in question, but quite naturally the attorney being replaced desires that his compensation be fixed for work done, and requests a lien to protect it. The main proceeding is one for the probate of decedent’s will, and the parties have agreed that this matter of fixation of fee be considered as an application under section 231-a of the Surrogate’s Court Act.
A brief review of certain facts in the matter is necessary. Decedent died July 1, 1959. A petition for probate of his mil was filed by the brother who was named as executor. This petition named as testator’s surviving spouse and distributees three persons, namely (a) Richard L. Newins, a son, (b) Lenore R. Newins, a daughter (an infant under 14), and (c) Esther Newins, wife (the party now requesting substitution of attorneys). The will made no provision for the wife nor for the daughter who was born after the date of the will. On return of citation a special guardian was appointed by the Surrogate for the infant daughter. The wife appeared by the attorney she had retained who filed his appearance, and who has continued to represent her until his recent discharge.
Just prior to the adjourned date of the citation, however, the son made a motion to strike out the notice of appearance of the wife, to dismiss the special guardian, and asked for probate of *758 the will. The son in substance denied that the marriage of decedent and his alleged wife which occurred February 10, 1959 was valid, alleging that decedent was prohibited from marrying in New York under a decree of divorce previously obtained against him by a former wife who was still living. Faced with the questions so presented, appointment of a temporary administrator was agreed upon, and the executor named in the will was so appointed. The probate has been held in abeyance pending the outcome of litigation in the Supreme Court, and appellate courts wherein the wife by her attorney sought to remove nunc pro iunc the alleged prohibition against decedent’s capacity to remarry. A number of applications have been made to this court by the temporary administrator relating to authorization to deal with real and personal assets of the estate, and his account to June 30,1960 shows a gross estate of $289,525.94. In all of these matters and others, the wife has been represented by her original attorney, until August 17,1960 when she retained new attorneys, and requested her former attorney to consent to a substitution. Being unwilling to do so without proper provision for his compensation and lien, he declined, hence this application.
The main objections of the client to fixation of fee and a lien are (1) that the amount requested is too large, (2) that services rendered in the Supreme and other courts should not be considered and (3) that fixation should await a final determination of the client’s rights and extent of her interest in the estate. The special guardian objects to allowance of any compensation based on services claimed to have been rendered in behalf of the infant.
As stated in Matter of Krooks (257 N. Y. 329, 331): “ A client-may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney.”
When this happens whatever retainer agreement may have existed no longer controls, but the compensation for services rendered must be ascertained as of the time of discharge on the basis of quantum meruit. The amount cannot be fixed on a contingent basis, nor left for future determination. (Matter of Tillman v. Komar, 259 N. Y. 133; Matter of Berger, 263 App. Div. 730; Boglione v. Hunterspoint Lbr. & Supply Co., 250 App. Div. 861.)
The Surrogate’s Court has full power to fix and protect the attorney’s lien when the client has changed attorneys. In so doing the court is not limited to a consideration of services rendered in this court, but its authority “ extends to all services rendered by the attorney directed toward procuring a decree and determining the rights of his client even though some serv *759 ices were rendered in another court or courts. (Matter of Davis, 10 Misc 2d 347; Matter of Abruzzo, 139 Misc. 559.)
As stated by Surrogate Wingate in Matter of Abruszo (p. 560): “ it is the obligation of the court in so far as it may be permitted by law, to see to it that clients interested in proceedings before this court, treat their attorneys in a just and equitable manner.’’ The attorney’s lien can be impressed oil the client’s interest in the estate in process of administration and under the jurisdiction of the court. (Matter of Maggio, 169 Misc. 1039.)
The factors to be considered in determining the compensation of an attorney have been set forth in Matter of Potts (213 App. Div. 59, affd. 241 N. Y. 593).
In this case the court is fully satisfied that the services rendered by the attorney in other courts were directly related to and directed toward protecting his client’s rights in this court. The same is true of efforts to secure social security payments, and to investigate and prepare for assertion of a claim in behalf of the client founded in fraud or misrepresentation. Statements made by decedent in the marriage application and other facts indicate the existence of justifiable grounds for such services by the attorney in acting to properly protect and establish his client’s rights. Proper professional zeal and effort in this regard should not be a source of criticism. The efforts were directed toward establishing the client’s rights as decedent’s surviving wife, so that she might lawfully claim a share in the estate or assert a claim against it, her status having been challenged and the court having been asked to eliminate her as a party in the proceeding. The estate is under the jurisdiction of this court.
The infant, however, has at all times in this proceeding been represented by her own special guardian, an attorney appointed by this court. Although some services rendered the client who is the infant’s mother may be or have been beneficial to the infant, yet the attorney was not retained by the infant, nor authorized to represent the infant in this court. No allowance will be made for services claimed to have been rendered for the infant. (See Matter of Muscillo, 159 N. Y. S. 2d 253, 255.)
The nature and extent of the services are set forth in detail by affidavit, and the court is familiar with matters in this court. Services have been quite continuous for over a year, from July 10, 1959 to August 17, 1960. Considering the nature of the matter, time expended, problems presented, work done, amounts involved and other factors mentioned (see Matter of Potts, supra) the court is of the opinion that reasonable compensation *760 for services rendered to date of discharge is the sum of $7,500, and it is fixed in that amount. The attorney shall have a lien in that sum upon whatever interest the client, Esther Newins has or may have in the estate of decedent or in any proceeds received hy way of suit or settlement of her claims, rights or interests in the estate or against decedent. Disbursements of $393.56 advanced for client are to be repaid in full upon entry of order of substitution.
Application for substitution granted on terms indicated.