S. Samuel Di Falco, S.
This is a consolidated proceeding for the settlement of the account of the now deceased administratix, with which have been consolidated applications for fees for legal services rendered to an infant beneficiary by an attorney who was authorized to appear as counsel with the special guardian appointed by this court and by a second attorney who *546 was engaged by the then infant to represent her in matters which related to her interest in her mother’s estate. The motion now addressed to the court by the former infant for whose benefit the services were allegedly rendered challenges the petitions on the basis of an asserted lack of jurisdiction on the part of the court to award compensation to the applicants. The motion is premised upon the assertion that in the event it does not establish a basis for dismissing the applications, the question as to the value of the services allegedly rendered is to be reserved for future determination.
With the issue thus narrowed, the court is confronted with the one proposition that authority to act on behalf of an infant interested in an estate in this court is confined to the special guardian or the general guardian when the latter is authorized to appear and participate in litigation on behalf of an infant ward. In the ordinary situation that proposition may be accepted as generally true but there were special circumstances existent in this case which operated to provide an exception to the rule, if so it could be described. The attorney who was authorized by order of the court to render services to the special guardian had previously acted in unrelated litigation as counsel to the infant in matters which lay beyond the issues arising in the estate of her deceased mother. It was at the express request and on the petition of the infant that the court granted her application, clothing that attorney with authority to assist the special guardian in the preparation of the case on behalf of the infant. Under these circumstances, it cannot be said that the petitioning attorney exceeded his powers or put himself in a situation in which he could only be regarded as an interloper. On the contrary, her present attorneys acknowledge an obligation on the former infant’s part to compensate the petitioner for the services which he had rendered to her. It is true that they take the position that questions as to the amount to be allowed lie outside the jurisdiction of this court. In this view of the matter they are mistaken and to the extent that the services were rendered within the compass of the authority conferred by the order of appointment and the advancement of the infant’s interest in this litigation the court has ample authority to compensate the counsel to the special guardian. (Matter of Raymond v. Davis, 248 N. Y. 67; Matter of Newins, 25 Misc 2d 756.)
The motion to dismiss the petition of the attorney who was independently engaged by the infant for the purpose of acting on her behalf at her behest in the proceeding rests upon a different foundation. It is the contention of the respondent *547 former infant as advanced by her present attorneys that only the special guardian could represent her in the proceedings in this court. (Matter of Newins, supra.) The fact that it was at her special insistence and request that such services were rendered and that the contract of retainer was allegedly ratified by the infant on the attainment of her majority make it impossible for the court on the limited record and the papers before it to deny compensation to the petitioner. An analogy to this situation suggests itself in the case of an infant beneficiary becoming of age during the course of a proceeding and thereafter retaining counsel to represent him or her in the further administration of the estate and subsequent litigation. It would be difficult to see how the right of the retained attorney to compensation for services he rendered under such a retainer could be denied simply because a special guardian appointed by the court had acted on behalf of the client prior to attainment of majority. The asserted ratification of the contract of retainer in this case which the respondents have not sought so far to disprove operates to put the petitioner here in exactly the same position. In other words, he cannot be denied the right to attempt to prove that he rendered services to the infant in this proceeding at her special insistence and request on a contract of retainer made when she was a minor but subsequently ratified upon the attainment of her majority. If such ratification is in fact established, the respondent has made herself liable to him for the payment of the reasonable value of such services as he was required to render.
The motion to dismiss the petitions of the attorney appointed to act with the special guardian and the attorney who asserts an independent retainer by the respondent is denied. The matter will be placed upon the calendar for further hearing to permit the submission of proof to establish the actual value of the services rendered by each of the petitioners.