Memorandum. The order is affirmed on the memorandum *953 at the Appellate Division. In addition, we note that the issue of bad faith on the part of the defendant, whatever its merits might have been in the abstract, was neither pleaded nor proved (cf. Gillmore v Procter & Gamble Co., 417 F2d 615; Endres v Buffalo Auto. Assn., 25 Misc 2d 756; Ritz v News Syndicate Co., 16 Misc 2d 1013; Prize Contests—Rights and Remedies, Ann., 87 ALR2d 649, 673).
Chief Judge Breitel and Cooke, J. (dissenting). We dissent and vote to reverse and order a new trial on the dissenting opinion of Mr. Justice Theodore R. Kupferman at the Appellate Division. We add only that there is no warrant for requiring bad faith to be pleaded, and the authorities cited in the memorandum do not so require. Nor did counsel suggest that pleading bad faith was required, and both counsel agree that, if there were bad faith, a breach of contract would be made out, good faith being implied in all agreements (e.g., Kirke La Shelle Co. v Armstrong Co., 263 NY 79, 87). It should be enough to create a jury question that plaintiff alleged a breach of contract and gave testimony from which an inference of bad faith could be drawn.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Chief Judge Breitel and Judge Cooke dissent and vote to reverse in a separate memorandum.
Order affirmed, with costs, in a memorandum.