12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert MUNCY, Plaintiff-Appellant,
v.
HARRISON RADIATOR, A DIVISION OF GENERAL MOTORS CORP.,
Defendant-Appellee.
 No. 93-3047.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1993.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 In this diversity action, plaintiff Robert Muncy appeals the summary judgment granted in favor of defendant Harrison Radiator. Plaintiff sought to collect from defendant monetary awards plaintiff alleged were owed to him under an employee suggestion program offered by defendant. On appeal, the issue is whether under Ohio law an employee may challenge decisions made pursuant to an employee suggestion program. For the reasons that follow, we affirm.
 
 I.
 
 2
 Defendant Harrison Radiator, a division of the General Motors Corporation, manufactures components for automotive air conditioners. Plaintiff is a skilled tradesman in Harrison Radiator's Moraine, Ohio, plant. In an effort to encourage employee participation in the manufacturing process and also to reward those suggestions which benefit the working environment, Harrison Radiator participates in the General Motors Suggestion Plan (the "Suggestion Plan"). Under the Suggestion Plan, employees of Harrison Radiator are invited to submit proposals to improve work related conditions. If a suggestion is adopted by the Suggestion Committee, the decision making body of the Suggestion Plan, the employee is eligible for a monetary award. For many years, plaintiff has actively participated in the Suggestion Plan, achieving considerable success. According to Harrison Radiator's records, during the period from January 5, 1981, through October 8, 1992, plaintiff submitted 228 suggestions and received awards for 18 of those suggestions. The awards totaled approximately $37,000.00.
 
 
 3
 In spite of these successes, however, plaintiff believed that he had been wrongfully denied reward monies for four suggestions he submitted to Harrison Radiator under the Suggestion Plan. Consequently, in April 1992, he filed a complaint in the Common Pleas Court of Montgomery County, Ohio, asserting four claims for breach of contract. In his first claim, plaintiff alleged that he submitted a suggestion form in February 1984, recommending that Harrison Radiator convert all its welding equipment to pulse type welders. In his second claim, plaintiff alleged that in January 1986 he suggested to Harrison Radiator that the welding procedure of certain equipment be modified in order to reduce waste. Plaintiff alleged in his third claim that as early as 1980, he suggested to Harrison Radiator that the diameter of the aluminum wire used in the welding process be increased. In his fourth claim, plaintiff alleged that in June 1987, he and another suggested that an idle gear be used to rotate the equipment to be welded. Plaintiff further alleged that each one of his suggestions had been adopted by Harrison Radiator, that Harrison Radiator had failed to reward him for the suggestions, and that such failure amounted to breach of contract. Plaintiff also asserted a claim for punitive damages, asserting that Harrison Radiator maliciously denied him credit and proper compensation for the suggestions submitted.
 
 
 4
 The case was removed to the district court in May 1992. Upon consent of the parties, the case was referred to a magistrate judge for final disposition pursuant to 28 U.S.C. Sec. 636(c).
 
 
 5
 Subsequently, Harrison Radiator moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). In its motion, Harrison Radiator first argued that under Ohio law, plaintiff was compelled to abide by the rules of the Suggestion Plan and accept the decision of the employer as being final and binding. In the alternative, Harrison Radiator argued that even if Ohio law permitted plaintiff to contest the decision of the Suggestion Committee, the facts demonstrated that the Committee had legitimate reasons for denying plaintiff's suggestions.
 
 
 6
 In interpreting Ohio law, the magistrate judge noted that although the Ohio Supreme Court had not ruled on the issue, the Ohio Court of Appeals had previously held that employees could not maintain a cause of action against an employer for the employer's failure to adopt the employee's suggestion if the terms of the suggestion plan provide that the decision of the employer is final. Concluding that the Suggestion Plan in this case provided that the decisions by the Suggestion Committee were final and binding, and that the Suggestion Committee did not adopt any of plaintiff's suggestions, the magistrate judge held that Harrison Radiator was entitled to summary judgment as a matter of law on the four breach of contract claims. This timely appeal followed.
 
 II.
 
 7
 We review a district court's grant of summary judgment pursuant to Fed.R.Civ.P. 56(c) de novo, using the same test utilized by the district court. See Faushender v. City of North Olmsted, Ohio, 927 F.2d 909, 911 (6th Cir.1991). Summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 "Under the rule established in Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court deciding a diversity case under state law must apply the law of the state's highest court." Ray Indus., Inc. v. Liberty Mut. Ins. Co., 974 F.2d 754, 758 (6th Cir.1992). However, in circumstances where the state's highest court has not spoken, "our task is to discern, from all available sources, how that court would respond if confronted with the issue." In re Akron-Cleveland Auto Rental, Inc., 921 F.2d 659, 662 (6th Cir.1990) (citing Bailey v. V & O Press Co., 770 F.2d 601, 604 (6th Cir.1985)). In predicting how a state's highest court would rule, "[f]ederal courts normally treat decisions of state courts of appeals on issues of state law as authoritative absent a strong showing that the state's highest court would decide the issue differently." Laundree v. AMCA Int'l, 908 F.2d 43, 45-46 (6th Cir.1990).
 
 
 9
 Thus, "a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1485 (6th Cir.1989) (citing Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1140 (6th Cir.1986)). See also Monette v. AM-7-7 Baking Co., 929 F.2d 276, 280-81 (6th Cir.1991) ("Although a decision by a lower state court is not necessarily controlling where the highest state court has not yet spoken, the opinion of an intermediate appellate state court is not to be disregarded unless the federal court is convinced by other persuasive data that the highest state court would decide otherwise."). We review a lower court's determination of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 10
 The Ohio Supreme Court has not spoken on the issue of an employer's liability to an employee pursuant to an employee suggestion plan.[1] However, as recognized by the magistrate judge, the Ohio Court of Appeals has addressed a similar issue in Fish v. Ford Motor Company, 534 N.E.2d 911 (Ohio Ct.App.1987) (per curiam). In that case, a Ford employee submitted a suggestion to Ford under Ford's employee suggestion program. The idea initially was rejected on the ground that it was not feasible. Approximately 39 months later, the employee resubmitted his idea, which was again rejected by Ford. Then approximately 18 months later, the employee submitted his suggestion a third time. By that time, Ford had begun using plaintiff's idea, although the record was unclear as to whether Ford's adoption of the idea was attributable solely to plaintiff's suggestion or whether the idea was attributable to other sources as well. Ford rejected the employee's suggestion, indicating that the idea was costly and unworkable. The employee subsequently brought an action against Ford, alleging that he was entitled to a monetary award under the employee suggestion plan for his idea. Ford moved for and was granted summary judgment in the trial court.
 
 
 11
 On appeal, the Ohio Court of Appeals affirmed. The court began by noting that under both the employee's employment contract and the suggestion forms submitted by the employee, the employee conveyed to Ford ownership of any invention, discovery or improvement made. The court also noted that employees who submitted ideas to Ford under the Ford suggestion program had to agree to the following clause: "I agree that any decision made by my employer regarding eligibility, adoption, rejection, award or commendation with reference to my idea shall be final and binding, and that my employer shall have the right to withdraw or change the program at any time." Fish, 534 N.E.2d at 912. Based upon the language contained in the employment agreement and in the suggestion forms, the court concluded that a contractual relationship was created between the employee and Ford and that under the terms of that contract, Ford's decision regarding compensation was final and binding. Accordingly, the Ohio Court of Appeals found that plaintiff was not entitled to a monetary award.
 
 
 12
 We are unaware of any evidence which would indicate that the Ohio Supreme Court would, if given the opportunity, decide the issue differently from Fish. Plaintiff seeks to distinguish Fish from this case, however, on two grounds. First, plaintiff argues that, in contrast to this case, the employee in Fish failed to timely resubmit his suggestion, and thus under the Ford employee suggestion plan, the employee was not eligible for an award. This distinction is meritless.
 
 
 13
 Although the Ohio Court of Appeals did acknowledge that the employee was precluded from consideration of a monetary award because of his failure to meet the time-limit clause as set forth in the suggestion plan, the court did not base its holding on that fact alone. Rather, the court held that the employee was ineligible for the monetary award because Ford had determined that he was not entitled to the award. Additionally, the court held that plaintiff failed to resubmit his idea within the time limit prescribed in the employee suggestion program. Id. at 913-14. Thus, irrespective of whether the employee would have timely filed his ideas, the court concluded that so long as Ford rejected those ideas, the employee was not entitled to question Ford's determination in a court of law.
 
 
 14
 Plaintiff's second distinction is equally unpersuasive. He argues that based upon the Ohio Court of Appeals decision "it is impossible to tell whether the language of the Ford suggestion plan bound the corporation to pay awards for adopted suggestions." Appellant's Brief 21. While it is true that it is unclear from the text of Fish whether upon adoption of an idea, Ford was compelled to pay the suggester, such does not call into question the court's holding that the terms of the contract between an employee and the employer are governed by the provisions of the employer's suggestion plan. Thus, we conclude that we are bound to apply the law according to Fish.
 
 
 15
 Plaintiff devotes a major portion of his brief contending that a genuine issue of material fact exists as to whether Harrison Radiator implemented plaintiff's four suggestions, and therefore summary judgment is inappropriate. However, while it may be true that reasonable minds may differ as to whether plaintiff's suggestions were adopted, that inquiry is immaterial under the ruling in Fish. Instead, in order to assess the merits of plaintiff's four breach of contract claims, we must determine whether the decisions of the Suggestion Committee regarding compensation are final and binding.
 
 
 16
 The terms of the Suggestion Plan are almost identical to the terms of the plan at issue in Fish. For a suggestion to be considered for an award under the Suggestion Plan, the suggester must agree to the following clause which is set forth at the bottom of the official suggestion plan form:
 
 
 17
 My foregoing suggestion is submitted for consideration under the terms and conditions of the General Motors Suggestion Plan as set forth on the reverse side hereof. I understand and agree the General Motors Corporation and its subsidiaries, joint ventures, and the successors and assigns thereof, shall be granted a non-exclusive, irrevocable, and royalty-free license to make full use of my ideas. I further understand that decisions by the Suggestion Committee are final and binding on the suggester(s), the Suggestion Committee and General Motors.
 
 
 18
 J.A. 201. A "final and binding clause" also appears on the back of the form, stating in relevant part as follows: "ALL DECISIONS FINAL--Decisions by the Suggestion Committee are final and binding on the suggester, the Suggestion Committee and General Motors Corporation." Id.
 
 
 19
 Given these terms of the Suggestion Plan, the Suggestion Committee's decision in this case regarding compensation is final and binding. Here, each of plaintiff's suggestions at issue have been considered by the committee and have been "non-adopted." As a consequence, the Suggestion Committee has determined in each instance that plaintiff is not entitled to compensation. A court applying Ohio law may not disturb that determination.
 
 
 20
 Though plaintiff agrees that the Suggestion Committee's decision regarding whether to adopt a suggestion is final and binding, he argues that the magistrate judge's decision creates an internal inconsistency within the Suggestion Plan. Plaintiff notes that under the Suggestion Plan he is entitled to an award if his suggestion is adopted, but under the magistrate judge's decision, he is unable to seek entitlement to an award even if his idea was in fact adopted. Plaintiff's argument, however, fails to recognize that the Suggestion Committee's decision regarding whether a suggester is entitled to compensation is final and binding. Thus, irrespective of whether a factual dispute exists as to whether the employer has adopted an idea, so long as the decision making body determines that the idea was not adopted and that compensation is not due, those decisions are final and binding upon the suggester. Thus, as there are no genuine issues of material fact, we conclude that summary judgment in favor of defendant Harrison Radiator was appropriate.
 
 III.
 
 21
 For the foregoing reasons, the summary judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Before the magistrate judge, both parties referred to the Ohio Supreme Court's decision in Joyce v. General Motors Corporation, 551 N.E.2d 172 (Ohio 1990). In that case, a General Motors employee filed an action against two other General Motors employees, alleging that the two employees conspired to convert a suggestion he made pursuant to an employee suggestion plan to their own use. The issue in Joyce was "whether an idea submitted by an employee pursuant to an employee suggestion plan is in itself personal property which may not be converted by another employee." Id. at 175. Having concluded that ideas are not the property of anyone unless they are expressed in a legally protected manner, and after having also concluded that ideas submitted pursuant to an employee suggestion plan were not submitted in a legally protected manner, the Ohio Supreme Court rejected the plaintiff's claim of conversion or appropriation. Because the issue in Joyce is different from that at issue in this case, we conclude that Joyce is inapplicable