■ JOHN P. WHITTON, Appellant, v GENERAL ELECTRIC COMPANY, Respondent. [607 NYS2d 448] —Mercure, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 29, 1992 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, employed between February 1988 and June 1989 as project engineer with defendant's real estate and construction operation group (hereinafter RECO) on its Burkville, Alabama, lexan polycarbonate expansion project, brought this action to recover $295,450 (less the $12,000 he was paid) that he alleges is due him under defendant's incentive award program. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff was entitled to no more than the $12,000 award that he was paid. Supreme Court granted the motion and plaintiff appeals.

We affirm. Defendant supported its motion for summary judgment with the affidavit of Richard Meinert, manager of engineering for the Burkville project, one of the creators of the incentive award program. In his affidavit, Meinert states that the program, detailed in a two-page memorandum marked "STRICTLY PRIVATE", was designed as a reward for eligible employees who implemented approved actions resulting in reductions from the project budget and was not designed to and did not require any additional work from employees. The project details were not intended to be disseminated to employees such as plaintiff; rather, the eligible employees (approximately 50 in number) were informed of the program by their individual managers and advised that it "was not a commitment or guarantee that they would receive anything over and above their regular pay".

The three criteria for an award were (1) the time spent on the project, (2) the potential amount of the employee's influence, and (3) over-all performance. According to Meinert, a fourth element, percent improvement from budget estimate,

was eliminated because not all groups working on the project had a budget estimate. Application of the applicable criteria to plaintiff resulted in an award of $12,000, reflecting reductions due to the fact that plaintiff left the project prior to completion and as the result of plaintiff's low performance rating. In a separate affidavit, Jack Wells, defendant's RECO manager, states that he rated plaintiff as the least effective engineer on the project because of plaintiff's insistence that he do things his own way and in the manner most advantageous to him rather than to the team or the project. Finally, Meinert and Wells both state that the RECO "cost avoidance program", although a criterion used in evaluating RECO employees, was never part of the incentive award program.

The Meinert and Wells affidavits and the express provisions of the incentive program memorandum satisfied defendant's initial burden of making a prima facie showing of entitlement to judgment as a matter of law *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853), thereby shifting the burden to plaintiff to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Zuckerman v City of New York,* 49 NY2d 557, 562) or to demonstrate an acceptable excuse for his failure to do so *(see, supra; Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068). We conclude that plaintiff has failed to satisfy that burden. Plaintiff's affidavit in opposition to the motion merely applauds his own performance and ability, portrays the scope of his involvement and responsibilities in the Burkville project as far more expansive than that described by defendant, and communicates an *expectation* that he would be compensated in direct proportion to project underruns realized through his participation in RECO's cost avoidance program. However, plaintiff provides no competent support for the assertion that RECO's cost avoidance program was incorporated into the incentive award program. In any event, we view the incentive award criteria as so subjective and indefinite as to render the program memorandum unenforceable by any individual program participant *(see,* Annotation, *Promise by Employer to Pay Bonus as Creating Valid and Enforceable Contract,* 43 ALR3d 503, § 10 [c]; § 12; *see also, Varney v Ditmars,* 217 NY 223, 227-228; *Milich v Schenley Indus.,* 54 AD2d 659, *affd* 42 NY2d 952).

Cardona, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.