I. INTRODUCTION
The trial court granted partial summary judgment in this case in favor of Business Aircraft, Inc. ("BAI"), finding as a matter of law that the parties had not modified a previously executed contract. Because there are genuine issues of material fact concerning whether the contract was modified, this Court reverses and remands for a trial on the merits.
 II. FACTS AND PROCEDURAL HISTORY
Appellant Anderton and Appellee BAI entered into an Aircraft Sales Management Agreement on April 26, 1990, which granted BAI the exclusive right to manage the sale of one 1981 Beechcraft King Air 200 aircraft, wholly owned by Anderton. This Agreement provided that BAI would receive a commission of 3% of the final selling price if the aircraft was sold within 120 days from April 26, 1990. An offer of $1,090,000.00 for the aircraft was received on August 9, 1990 and was accepted by Anderton on August 10, 1990. On that same date, a letter from Bill Rushing, President of BAI, to Anderton offered to reduce BAI's commission from 3% to $18,000.00 if four terms and conditions listed in the letter were accepted. On his copy of the letter, Anderton made handwritten notations, dated August 10, 1990, modifying one of the terms and lining through another of the terms completely. He also changed the amount of the commission to $15,000.00, next to which change is the handwritten notation "approved by Bill Rushing."
That day, Anderton sent his changed notation by "fax" machine to Rushing in response to this August 10th letter.[1]
Anderton's letter set forth the only two terms acceptable to him regarding the sale of his aircraft. These terms are the same as the first set forth by Rushing's August 10th letter, with the commission amount modified to $15,000.00 by Anderton, and the second set forth by Rushing's August 10th letter, but incorporating the modification handwritten by Anderton on his copy of Rushing's August 10th letter. Anderton closed by stating: "It is my understanding that our contract expires August 26, 1990." On August 14, 1990, Rushing wrote to Anderton that he was "pleased to have reached an acceptable arrangement on the *Page 475 
sale of your King Air S/N 791" and would prepare the necessary documents for the purchaser.
The sale was consummated on August 21, 1990, within the 120 days as provided by the Agreement. BAI refused to negotiate Anderton's check for $15,000.00, denying that any modification had been reached, and claiming instead that their negotiations had failed, leaving the original Agreement intact. Anderton, however, refused to pay BAI the $32,700.00 commission, claiming the original Agreement had been modified.
BAI thereafter filed suit in the Hinds County Circuit Court for breach of contract. BAI subsequently filed a motion for partial summary judgment, claiming the court could find as a matter of law that BAI was entitled to contractual damages as provided in the original Agreement. An affidavit of Bill Rushing was attached, in which Rushing states that the parties' attempts at modification of the agreement failed because BAI never accepted the terms and conditions offered by Anderton, "as evidenced by the lack of initials or other indicia of the assent to the handwritten portions of the offer." In response to BAI's motion for partial summary judgment, Anderton filed a motion for summary judgment claiming BAI was entitled to only $15,000.00 as a matter of law. Attached was a copy of Anderton's affidavit, which states that BAI accepted Anderton's counter-proposal via its letter dated August 14, 1990. Another affidavit by Rushing, submitted in response to Anderton's motion for summary judgment, states that his August 14, 1990 letter was not an acceptance of Anderton's terms but was written in response to the sale of the aircraft. This affidavit also acknowledges receipt of Anderton's August 10th letter, but states that BAI "never agreed nor accepted the terms and conditions of this counterproposal."
The trial court found as a matter of law that although the parties had attempted to modify the contract, there had never been a meeting of the minds and, therefore, the original contract had not been modified and was still in effect at the time of the sale. Judgment was entered against Anderton in the amount of $32,700.00 plus interest and costs.
Aggrieved, Anderton appeals to this Court seeking review of the following issue:
 A. Whether the trial court erred in granting BAI's motion for partial summary judgment because there exist issues of fact properly tried by a jury. III. THE LAW
Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. To prevent summary judgment, the non-moving party must establish a genuine issue of material fact by means allowable under the Rule. Frank v. Dore, 635 So.2d 1369, 1373 (Miss. 1994); Lyle v. Mladinich, 584 So.2d 397, 398 (Miss. 1991).
This Court will review de novo a decision to grant summary judgment. Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 660 (Miss. 1994); Short v. Columbus Rubber Gasket Co.,535 So.2d 61, 63 (Miss. 1988). If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. Brown v. CreditCenter, Inc., 444 So.2d 358, 362 (Miss. 1983).
BAI contends now, just as it did in its motion for summary judgment, that it can be said as a matter of law that it is entitled to a commission of $32,700.00 because the original Agreement was not modified. Anderton responded to BAI's summary judgment motion with his own motion for summary judgment. In his motion for summary judgment, Anderton claimed it could be said as a matter of law that BAI was entitled to a commission of only $15,000.00 because the original contract had been modified. Now, however, Anderton contends there are questions of fact sufficient to have required denial of BAI's motion for summary judgment and which require this Court to reverse.
"`Any contract, however made or evidenced, can be discharged or modified by *Page 476 
subsequent agreement of the parties.'" Kelso v. McGowan,604 So.2d 726, 731 (Miss. 1992), quoting 3 A. Corbin, Contracts § 574 at 373-75 (1960). In order for such a subsequent agreement to effect a modification, it must meet the requirements for a valid contract. Singing River Mall v. Mark Fields, Inc.,599 So.2d 938, 947 (Miss. 1992). A valid contract requires an offer and acceptance. R.C. Constr. Co. v. National Office Sys.,622 So.2d 1253, 1255 (Miss. 1993), citing Houston Dairy, Inc. v. JohnHancock Mut. Life Ins. Co., 643 F.2d 1185, 1186 (5th Cir. 1981). Failure to communicate acceptance of an offer is fatal to creation of a valid contract. R.C. Constr., 622 So.2d at 1255, citing Pioneer Box Co. v. Price Veneer Lumber Co., 132 Miss. 189, 199, 96 So. 103, 105 (1923).
BAI's letter of August 10th presented Anderton with an offer to reduce the commission from 3% to $18,000.00, provided four terms and conditions were also accepted. Anderton's reply letter of August 10th rejected BAI's offer and counter-offered a commission of $15,000.00 and compliance with two terms and conditions. BAI's letter of August 14th, stating that Rushing was "pleased to have reached an acceptable arrangement on the sale of your King Air S/N 791" and that he would prepare the necessary documents for closing, may be an acceptance of Anderton's counter-offer. It may also be, as claimed by Rushing in his affidavit, that the August 14th "acceptable arrangement" letter referred only to the sale of the aircraft.
Anderton's affidavit claims that BAI's August 14th letter was an acceptance of his counter-offer; Rushing's affidavit claims that BAI's August 14th letter was not an acceptance of Anderton's counter-offer. These are both reasonable inferences, yet they differ materially. When "materially differing but nevertheless reasonable inferences may be drawn from the uncontradicted facts," issues of fact exist. Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984). The trial court erred in granting BAI's motion for summary judgment because material issues of fact exist regarding whether the original Agreement was modified. Consequently, this Court reverses and remands for a trial on the merits to determine whether the original Agreement was in fact modified.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
[1] "Fax" machines transmit from the sender to the receiver a "facsimile" of a document by electronic machines and afford virtually immediate transmission.