**Gloria BOLLS, Plaintiff,**

v.

**PACKARD ELECTRIC and General Motors Corporation, Defendants.**

**Civil Action No. 3:94–cv–237WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 27, 1995.

Gloria Bolls, Jackson, MS, pro se.

William T. Siler, Jr., David M. Thomas, II, Phelps Dunbar, Jackson, MS, for Packard Electric Company, General Motors Corporation.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendants Packard Electric and General Motors Corporation (hereinafter "Packard") for summary judgment pursuant to Rule 56(b),[1] Federal Rules of Civil Procedure. By her lawsuit, plaintiff Gloria Bolls, a former employee of Packard, sues Packard for breach of contract. On or about March 20, 1992, Bolls, then a Packard employee, submitted a suggestion, pursuant to General Motor's Suggestion Plan (hereinafter "Plan"), for improving Packard's operations. Plaintiff says she should have been compensated under the Plan which, says plaintiff, constituted a contract between her and Packard. Packard disagrees and asserts that it is entitled to summary judgment because: (1) plaintiff's suggestion was not cost effective and, thus, did not meet the Plan's criteria for a monetary award; and (2) plaintiff's dispute herein has been rejected by the Suggestion Committee, whose decisions under the Plan are

---

**1.** Rule 56(b) of the Federal Rules of Civil Procedure states:

A party against who a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

"final and binding on the suggestor." In support of its motion, Packard relies upon the plaintiff's complaint; Packard's answer; the affidavit of Greg Huber, Packard Quality Control Engineer; and plaintiff's submission in opposition to Packard's motion. Plaintiff, acting pro se, opposes the motion, principally relying upon her arguments. She has not submitted any affidavits or depositions.

Plaintiff Gloria Bolls, a former employee of Packard, is a citizen of Mississippi. Packard is a local division of General Motors Corporation, a foreign corporation organized and existing under the laws of the State of Delaware with its principle places of business in Michigan and Ohio. Originally filed in a Mississippi state court, this action was removed to this federal forum by the defendants pursuant to Title 28 U.S.C. §§ 1332(a)[2] and 1441(a).[3]

## I. *FACTS*

Hoping to encourage its employees to submit innovative ideas which could improve its output and production techniques, Packard installed the General Motors Suggestion Plan. The rules of the Plan require written proposals from qualified employees. The proposal or suggestion has to be submitted on an official General Motors Suggestion Plan form. To merit a monetary award, the employee's suggestion has to meet the Plan's eligibility standards as follows:

KINDS OF SUGGESTIONS ELIGIBLE FOR AWARD—Suggestions are eligible for award consideration if they are of benefit to GM [General Motors], unless they pertain to routine maintenance and repair, minor errors in drawings or instructions, matters of Corporation policy, matters governed by contracts with others, appearance changes in automotive products, advertising, public relations matters, and the

like, or where the suggestion suggests a change which is being planned or has been instructed or directed by management. When a change is made due to such things as a new product design or rearrangement of operations and not as a direct result of a suggestion, the suggestion is not eligible for an award.

The Plan also established a Suggestion Committee and set out its functions:

FUNCTIONS OF THE SUGGESTION COMMITTEE—The Suggestion Committee is appointed by the General Manager or Plant Manager in each division and plant. Central Office committee members are appointed by the Central Office Staff heads. The Suggestion Committee decides whether or not suggestions are eligible for awards and determines the amount of each suggestion award paid for adopted and implemented suggestions. When required, this Committee also makes decisions concerning the eligibility of employees and suggestions. The Suggestion Committee, at its sole discretion, may develop supplemental procedures in accordance with Suggestion Plan rules to improve the efficiency of the Suggestion Plan and ensure fair treatment of all suggestions.

\* · \* \* \* \* \*

ALL DECISIONS FINAL—Decisions by the Suggestion Committee are final and binding on the suggestor, the Suggestion Committee and General Motors Corporation.

The Plan's admonition that the decisions of the Suggestion Committee are final and binding also appears at the bottom of the Plan form which employees had to use and sign when submitting ideas.

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

---

**2.** Title 28 U.S.C. § 1332(a) provides in pertinent part:
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
(1) citizens of different states;

**3.** Title 28 U.S.C. § 1441(a) provides in pertinent part:

Award ranges under the Plan were also set out in the Plan:

AWARDS—Where the benefits resulting from a suggestion are measurable and/or estimated, the award amount is one-fifth of the total net savings, during the 12 month period following the implementation of the suggestion, up to a maximum suggestion award of $20,000 per suggestion. Net savings are determined by subtracting the cost to implement suggestion from gross savings, except when implementation costs are estimated to be less than $200, in which case there will be no deduction.

Where there are no measurable or estimated savings resulting from an adopted suggestion, the Suggestion Committee determines the award amount in light of available information concerning its other benefits, up to a maximum suggestion award of $10,000. Awards are not paid for suggestions which result only in improved employe [sic] convenience or minimal intangible benefits.

When a suggestion results in a saving of capital expenditure, the award amount equals one-twelfth of the total net savings, again subject to the maximum amount. For those suggestions concerning start-up problems or other abnormal conditions, the suggestion award may be based on less than 12 months usage when the Suggestion Committee determines that the early loss rate could not have continued for 12 months.

If adoption of a suggestion results in savings to the suggestor's division but a loss in the same amount to another division, the suggestion will be considered to have resulted in no savings, and the amount of the award, if any, will be based upon other benefits.

On or about March 20, 1992, Gloria Bolls, a Packard employee, submitted a suggestion, pursuant to the Plan, for improving Packard's operations. Twice before she had submitted suggestions and had reaped monetary awards. Her suggestion of March 20th concerned the packing of grommets, which are molded eyelets of firm material which serve to strengthen or protect an opening or to insulate or protect something passing through them. Plaintiff suggested that grommets be cooled on a rack before being packed. According to plaintiff's suggestion form, grommets were sometimes being packed while hot which caused the grommets packed at the bottom of the tub to melt. Plaintiff suggested the packers use something to cool the grommets or allow a "cooling off period" for the grommets before packing them.

Packard subsequently implemented plaintiff's suggestion and was using it on April 6, 1993, when it informed her that she would not be compensated for her suggestion. According to Greg Huber, Packard Quality Control Engineer, Packard did not compensate plaintiff because the implementation of her suggestion actually cost more than remolding defective parts caused by the earlier grommet packing system. Moreover, in his April 1, 1993, report on the feasibility of plaintiff's suggestion, Huber stated that the defect caused by packing grommets while hot was an isolated incident which produced only one customer complaint. Because the implementation costs exceeded the labor savings, as stated in Huber's report, Packard says it did not award Bolls any compensation pursuant to its calculus for awards found in the rules of the Plan.

Packard informed Bolls of its decision not to award compensation by letter from Ira L. Singleton, Suggestion Program Coordinator, dated April 6, 1993. A copy of this letter is attached to plaintiff's complaint, Exhibit A to defendants' motion. According to Packard, the decision by the Suggestion Committee should be deemed final and binding according to the Plan rules. Moreover, says Packard, plaintiff signed the Suggestion Form which states:

My foregoing suggestion is submitted for consideration under the terms and conditions of the General Motors Suggestion Plan as set forth on the reverse side hereof. I understand and agree that General Motors Corporation and its subsidiaries, joint venturers, and the successors and assigns thereof, shall be granted a nonexclusive, irrevocable, and royalty-free license to make full use of my idea. *I further understand that decisions by the*

*Suggestion Committee are final and binding on the suggestor, the Suggestion Committee, and General Motors.* (Emphasis added).

 Pursuant to Rule 56, plaintiff is obliged to respond to Packard's motion with evidence sufficient to establish a jury issue. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (if the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial), citing *Celotex Corporation v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 718 (5th Cir.1995) (only where there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party is a full trial on the merits warranted).

 Plaintiff has not met this requirement. She has submitted only her bare arguments in opposition to defendants' motion, arguments which are unsworn and based on hearsay and speculation about whether her suggestion was more cost effective than stated by Huber. *See Nowlin v. Resolution Trust Co.,* 33 F.3d 498, 505 (5th Cir.1994) (unsworn statements and allegations are not sufficient to raise a genuine issue of fact under Rule 56); *Johnston v. City of Houston,* 14 F.3d 1056, 1060 (5th Cir.1994) ("unsworn pleadings, memoranda, or the like are not competent summary judgment evidence"); *Redd v. Fisher Controls,* 814 F.Supp. 547 (W.W.D.Tex.1993) ("An affidavit that contains only hearsay is insufficient to create a material issue of fact."; *Cormier v. Pennzoil,* 969 F.2d 1559, 1561 (5th Cir.1992) (The court found plaintiff's affidavits insufficient to ward off summary judgment where both of the affidavits offered by the plaintiff were based on hearsay and not personal knowledge); *Hibernia National Bank v. Carner,* 997 F.2d 94, 98 (5th Cir.1993) ("[A] summary assertion made in an affidavit is simply not enough evidence to raise a genuine issue of material fact.").

Plaintiff made no response at all to Packard's argument that plaintiff is bound by the adverse decision of the Suggestion Committee. By signing the Suggestion Form, argues Packard, plaintiff granted to General Motors Corporation and Packard a non-exclusive, irrevocable, and royalty-free license to make full use of her idea. Additionally, says Packard, plaintiff agreed that decisions of the Suggestion Committee would be final and binding.

 Sitting in diversity, this court applies Mississippi substantive law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Mississippi has yet to address the contractual obligation of a company's Suggestion Plan. Other states have. *See Calkins v. Boeing Company,* 8 Wash. App. 347, 506 P.2d 329 (1973), *review denied,* 82 Wash.2d 1005 (1973) (where suggestion system rules reserved absolute discretion to the employer to determine payment for suggestions submitted by an employee and employer's promise to pay for suggestions submitted by employee was illusory, no enforceable agreement for payment of employee suggestions existed between the parties, and employee could not recover for employer's use of his suggestions); *Moore v. General Motors Corp.,* 558 S.W.2d 720 (Mo. Ct.App.1977) (although automobile manufacturer put into use employee's suggestion on its assembly line, evidence was insufficient to show that automobile manufacturer enjoyed measurable benefits from the adoption of the suggestion; the employee was not entitled to have his award pursuant to employer's suggestion plan based on the formula applicable where savings from his suggestion are measurable but rather was entitled only to the amount awarded by the suggestion committee "in light of all available information concerning its other benefits"); *Lone Star Steel Co. v. Scott,* 759 S.W.2d 144 (Tex. App.1988) (suggestion plans which expressly make performance optional on the part of the employer, express an intent not to bound, or which amount to mere gratuities do not constitute binding contracts); and *Fish v. Ford Motor Company,* 41 Ohio App.3d 113, 534 N.E.2d 911 (1987) (employee who submits suggestions to his employer pursuant to a employee suggestion plan must abide by the rules set forth in the plan and must accept the decision of the employ-

er as being final and binding if the rules so provide).

■ Taking an *Erie*-guess, this court holds that the Mississippi Supreme Court would hold that the Suggestion Plan is the basis of a contract between plaintiff and Packard, *see Anderton v. Business Aircraft,* 650 So.2d 473, 475 (Miss.1995) (a valid contract is formed where there is an offer and the offer is accepted), but that plaintiff is bound by the provisions of the Plan and those in the Suggestion Form (signed by her) which state that decisions by the Suggestion Committee would be final and binding upon her. Plaintiff agrees wholeheartedly that upon her submittance of an accepted suggestion to Packard, the Suggestion Plan created a contract between plaintiff and Packard; however, plaintiff wants the court to ignore the terms of the Suggestion Plan. Plaintiff cannot have it both ways. If the court construes the Suggestion Plan as the basis of a contract between plaintiff and Packard, which it does, the court must apply the terms of such. *First National Bank of Vicksburg v. Caruthers,* 443 So.2d 861 (Miss.1983) (courts do not have the authority to modify, add to, or subtract from terms of a contract validly executed). Analogizing this circumstance to agreements for binding arbitration, this court is of the opinion that the Mississippi Supreme Court would apply the provisions of the Suggestion Plan unless plaintiff demonstrates a showing of fraud or other undue means. *Craig v. Barber,* 524 So.2d 974, 977 (Miss.1988) (the only bases in our law for the refusal to enforce an arbitrator's decision is that the decision was procured by corruption, fraud or undue means or misconduct by the arbitrator prejudicing the rights of the parties). *See also Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.,* 619 So.2d 908, 911 (Miss.1993) ("According to Mississippi law, the right to contract is a sacred right and a contract, entered into in good faith free from fraud and not in violation of law by the parties, like a man's word, should be respected and enforced.").

■ So, this court finds that plaintiff has failed to meet her response burden under Rule 56 on her breach of contract claim. Plaintiff has failed to raise a jury issue whether her suggestion merited a monetary award under the Plan rules. Similarly, plaintiff has failed to show why her lawsuit is not barred by the final decision of the Suggestion Committee. She readily acknowledges submitting the Plan form, *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber and Supply,* 584 So.2d 1254, 1257 (Miss.1991) (A person is under an obligation to read a contract he or she is entering into and as a general rule will not be heard to complain of any alleged misrepresentations which could have been disclosed by reading the contract), and she offered no proof whatsoever that fraud or corruption occasioned the Suggestion Committee's decision. As a consequence, this court is obliged to grant summary judgment to Packard and to dismiss this lawsuit with prejudice. A separate judgment shall be entered in accordance with the local rules.

**SO ORDERED AND ADJUDGED.**