■ MAC TRUONG, Appellant, v AT&T et al., Respondents. [663 NYS2d 16] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 5, 1996, dismissing the complaint, unanimously affirmed, with costs.

The IAS Court properly granted summary judgment dismissing this action for fraud, conspiracy, breach of contract and unjust enrichment brought by an unsuccessful contest participant against the contest's sponsors, a magazine, an advertiser in the magazine, and a celebrity. The fraud cause of action was not supported by any evidence of the requisite elements (*see, Abrahami v UPC Constr. Co.*, 224 AD2d 231, 232-233); plaintiff's response to defendants' denial of any wrongful intent, especially his assertions of reliance and scienter, were conclusory. Since the underlying fraud claim is not viable, and there is no substantive tort of conspiracy (*supra*), the cause of action for conspiracy to commit fraud is deficient. We would also note in this regard the absence of any proof of an agreement to engage in a common scheme or plan to deprive plaintiff of his property (*see, MBF Clearing Corp. v Shine*, 212 AD2d 478, 479; *Goldstein v Siegel*, 19 AD2d 489, 493). Plaintiff's claim that the contest judges did not really make the decision selecting the winner, in violation of the published rules of the contest and thereby of the contract created when plaintiff submitted his entry (*see, Ritz v News Syndicate Co.*, 16 Misc 2d 1013), is speculative and premised upon a mischaracterization of the deposition testimony submitted by defendants. There is no evidence of bad faith (*see, Milich v Schenley Indus.*, 42 NY2d 952) and, in light of the extensive disclosure obtained by plaintiff, no likelihood that further disclosure will shed light on this or any other issue. In any event, although the corporate defendants provided the names and addresses of their former employees, plaintiff failed to avail himself of the opportunity to subpoena them. The rules plaintiff relies on for his breach of contract claim preclude his claim for unjust enrichment or quasi-contract (*see, Unisys Corp. v Hercules Inc.*, 224 AD2d 365, 367, *appeal withdrawn* 89 NY2d 1031); in any event, plaintiff failed to submit any evidence in response to defendants' showing that his contest entries remained in a storage box in defendant magazine's possession and were never seen or used by anyone, including defendant advertiser. Plaintiff's assertion that defendant advertiser aired a television commercial misappropriating an idea contained in one of his contest entries is without factual basis. We have considered plaintiff's other contentions and find them to be without merit. Concur—Milonas, J. P., Rubin, Tom, Andrias and Colabella, JJ.