622 So.2d 1253 (1993)
R.C. CONSTRUCTION COMPANY, INC.
v.
NATIONAL OFFICE SYSTEMS, INC.
No. 91-CA-0035.
Supreme Court of Mississippi.
August 12, 1993.
*1254 Dalton McBee, Jr., Thompson Alexander & Crews, Jackson, for appellant.
Glenn F. Beckham, Upshaw Williams Biggers Page & Kruger, Greenwood, for appellee.
Before HAWKINS, C.J., and SULLIVAN and McRAE, JJ.
SULLIVAN, Justice, for the Court:
R.C. Construction Company, Inc. (hereinafter R.C.), a general contractor and Mississippi corporation, sued National Office Systems, Inc. (hereinafter National), a subcontractor and Georgia corporation, for breach of an oral contract and negligent misrepresentation in the County Court of Leflore County, Mississippi. National moved to dismiss, pursuant to M.R.C.P. 12(b)(2), for lack of personal jurisdiction. Affidavits were filed in support of the respective positions on the motion to dismiss. The county court entered an Order of Dismissal, finding that the pleadings and affidavits filed failed to demonstrate the existence of a contract or the commission of a tort, therefore personal jurisdiction could not be exercised pursuant to Miss. Code Ann. § 13-3-57 (Supp. 1990). The Circuit Court of Leflore County, Mississippi, affirmed the county court and found that National had not entered into a contract with R.C., nor had National committed a tort.
On appeal only one issue is presented:
Whether the courts below improperly dismissed R.C. Construction Company's suit on the grounds that the Mississippi long arm statute did not confer jurisdiction over National Office Systems under the attendant facts and circumstances.

DID THE COURTS BELOW IMPROPERLY DISMISS R.C. CONSTRUCTION COMPANY'S SUIT ON THE GROUNDS THAT THE MISSISSIPPI LONG ARM STATUTE DID NOT CONFER JURISDICTION OVER NATIONAL OFFICE SYSTEMS UNDER THE ATTENDANT FACTS AND CIRCUMSTANCES?
The challenge to personal jurisdiction is controlled by Rule 12, Mississippi *1255 Rules of Civil Procedure. Jones v. Chandler, 592 So.2d 966, 969 (Miss. 1991). That determination of personal jurisdiction "proceeds wholly apart from any thought of the (de)merits of the plaintiff's claim." Id. at 971. The existence of any defense is a matter separate and apart from amenability to personal jurisdiction. Jones, 592 So.2d at 971. The question of personal jurisdiction initially turns on the well-pleaded allegations of the complaint. Id. at 972. On a motion to dismiss for lack of personal jurisdiction, all allegations of the complaint, together with reasonable inferences flowing therefrom, are accepted as true. Mandel v. James Graham Brown Foundation, Inc., 375 So.2d 1017, 1019 (Miss. 1979).
A non-resident defendant may, on his pre-trial Rule 12(b)(2) motion to dismiss, litigate the inherent factual questions through the use of live testimony or affidavits. Jones, 592 So.2d at 972 n. 5. If the court finds facts that sustain his defense, it should dismiss, as the presumption implicit in the well-pleaded allegations rule has "spent its force and vanished." Id.
The trial court had jurisdiction not only to determine if there was personal jurisdiction of a defendant but also to determine any facts that might sustain a defense. The threshold question, therefore, is whether the complaint alleges National made a contract to be performed in whole or in part by any party in this State or National committed a tort in whole or in part in this State. If so, Miss. Code Ann., § 13-3-57 (Supp. 1990) applies. Camp v. Roberts, 462 So.2d 726, 727 (Miss. 1985).
The complaint alleges breach of an oral contract by National. Generally, oral contracts are enforceable in Mississippi and we recognize a cause of action grounded on breach of an oral contract. Putt v. City of Corinth, 579 So.2d 534, 538 (Miss. 1991). The complaint also alleges misrepresentation on the part of National; negligent misrepresentation, as argued by R.C. in its brief, is recognized as a tort in Mississippi. Spragins v. Sunburst Bank, 605 So.2d 777, 780 (Miss. 1992).
The complaint sufficiently alleged that National made and breached an oral contract to be performed in part by R.C., a party in this state, and that National committed the tort of negligent misrepresentation in part in this state. Pursuant to § 13-3-57 (Supp. 1990), National has subjected itself to personal jurisdiction in Mississippi.
However, National and R.C. litigated factual questions inherent to the determination of personal jurisdiction at the pre-trial motion to dismiss via the affidavits they both submitted. They did so, the county court found, and the circuit court affirmed an order which stated that the pleadings failed to demonstrate the existence of a contract or the commission of a tort. If this is true, then the dismissal was eminently correct.

A. Contract
The existence of an oral contract is a fact issue. Putt, 579 So.2d at 538, citing Harris v. Williams, 43 So.2d 364, 365 (Miss. 1949). A trial judge's finding is entitled to the same deference as a jury verdict and will not be reversed upon appeal unless manifestly wrong. Walters v. Patterson, 531 So.2d 581, 583 (Miss. 1988).
It is basic contract law that a contract requires an offer and acceptance. Houston Dairy, Inc. v. John Hancock Mut. Life Ins. Co., 643 F.2d 1185, 1186 (5th Cir.1981). According to both parties, National offered R.C. a bid for the subcontracting work, but even R.C.'s recitation of events fails to mention any acceptance of this offer. R.C. merely said National phoned R.C. with a bid, R.C. used this sub-bid in preparing its own bid, then, after it had been awarded the project, R.C. phoned National asking for a better price. R.C.'s failure to communicate its acceptance of National's offer is fatal to R.C.'s contention that a valid contract existed. Pioneer Box Co. v. Price Veneer & Lumber Co., 132 Miss. 189, 199, 96 So. 103, 105 (1923).
Silence may operate as acceptance where, because of previous dealings, the offeree has given the offeror reason to *1256 understand that silence is intended as a manifestation of assent. Old Equity Life Ins. Co. v. Jones, 217 So.2d 648, 650-51 (Miss. 1969). Here, however, R.C. has made it clear that it did not even know of National's existence prior to the first telephone call from National to R.C. regarding the Base Supply project. The lower courts were not manifestly wrong in finding there was no contract within the intent and meaning of § 13-3-57 (Supp. 1990).

B. Tort
In order to recover on a negligent misrepresentation theory, the plaintiff must prove by a preponderance of the evidence (1) a misrepresentation or omission of a fact; (2) that the representation is material or significant; (3) that the party charged failed to exercise the degree of diligence and expertise the public is entitled to expect of such parties; (4) that he reasonably relied on the misrepresentation or omission; and (5) that he suffered damages as a direct and proximate result of such reasonable reliance. Spragins, 605 So.2d at 780, citing Bank of Shaw v. Posey, 573 So.2d 1355, 1360 (Miss. 1990); Shogyo International Corp. v. First National Bank of Clarksdale, 475 So.2d 425, 427 (Miss. 1985). Misrepresentation of a fact must concern a past or present fact rather than a promise of future conduct. Spragins, 605 So.2d at 780.
R.C. asserts the misrepresentation occurred when National promised to provide the furniture for the Base Supply project at a cost of $170,626.00. We have "made it clear that even in cases where fraud is alleged, a promise of future conduct does not meet the requirement of a `representation' unless the promise was made with the present intent not to perform." Bank of Shaw, 573 So.2d at 1360. R.C. grounded its claim of negligent misrepresentation on National's promise of future conduct and therefore, has failed to prove an essential element of its claim. The lower court was not manifestly wrong in finding that no tort had been committed.
The action of the county court in dismissing the suit of R.C. Construction Company, Inc., and the action of the Circuit Court of Leflore County, Mississippi, in affirming that dismissal, are affirmed.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS Jr., and SMITH, JJ., concur.