760 So.2d 828 (2000)
Jessie Smith JONES, Appellant,
v.
Kevin E. JONES a.k.a. Kelvin E. Jones, Appellee.
No. 1999-CA-00385-COA.
Court of Appeals of Mississippi.
May 16, 2000.
*829 Charles E. Miller, McComb, Attorney for Appellant.
William F. Riley, Bryan Howard Callaway, Natchez, Attorneys for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Jessie Smith Jones appeals the decision of the Circuit Court of Adams County finding in favor of the defendant. Jessie Jones assigns the following issue as error for review

I. THE COURT ERRED IN GRANTING A VERDICT FOR THE DEFENDANT
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On March 11, 1995, Jessie Smith Jones (hereinafter Jessie) was driving on Liberty Road in Adams County, Mississippi. She testified that a large logging truck was coming toward her in the other lane and as it passed her she heard a loud noise and saw something fly across her windshield. She stated that she struggled to bring her car under control and to a stop because it was locked up. She testified that she landed in a ditch on the side of the road and her car was wrapped up in wire, her window had been open and a piece of the wire had hit her in the face. She stated that the truck did not stop and she yelled out her window to a passerby to stop the truck. At the trial she stated that she remembered seeing K Jones written on the side of the truck.
¶ 4. Jessie called the Sheriff's department from her cell phone. Officer Danny Rollins investigated the accident and testified that the only description Jessie initially gave him was that the driver was a black male, the truck was burgundy and was carrying a load of short logs. Officer Rollins testified that the next day Jessie called him and reported that she had found the truck driver; she told him it was Kelvin Jones (hereinafter Kelvin). Officer Rollins stated that he interviewed Kelvin, who denied even being aware of an accident. Rollins also inspected the truck but did not find any wire on the truck, and the truck did not appear to have been in an accident.
¶ 5. Mr. Lewis Williams, Jr. testified for the plaintiff. He testified that he was driving on Liberty Road on March 11 and came across Jessie and her vehicle sitting on the side of the road. He explained that he passed Kelvin before he saw Jessie and there was a piece of cable attached to Kelvin's vehicle that was hanging over into his lane, which caused him to move over some.
¶ 6. Kelvin testified that he was not aware of any incident on March 11 or any other day. He also stated that he did not use wire cable to secure logs on his truck at that time and rarely uses it presently.
¶ 7. The judge, serving as finder of fact and sitting without a jury as the same was waived, found for the defendant in this case. Judge Sanders found that the Jessie failed to meet her burden of proving liability in that she failed to show that Kelvin was in control of the wire that injured the plaintiff. Jessie appeals this decision to this court.

ANALYSIS

I. THE COURT ERRED IN GRANTING A VERDICT FOR THE DEFENDANT
¶ 8. Jessie maintains that the evidence clearly shows that the collision with the wire was from Kelvin's truck and was the proximate cause of her injury. Jessie points out the testimony of Mr. Lewis *830 which indicates that the cable was hanging off of the back of Kelvin's truck.
¶ 9. The defense argues that Jessie did not prove all of the elements of negligence. Kelvin argues that the only evidence of negligence was part of Jessie's testimony: "I seen a big truck like a sleeper; it was burgundy. And when it got by me, something said, `whoom.' And I seen something that just went across the windshield, and I tried to hold the brake and hold the steering wheel, but it wouldn't stop." Kelvin maintains that there was no proof that the wire was his or that he did something negligent to cause the accident.
¶ 10. The Mississippi Supreme Court has stated that a "trial judge's finding is entitled to the same deference as a jury verdict and will not be reversed upon appeal unless manifestly wrong." R.C. Construction Co., Inc. v. Nat'l Office Systems, Inc., 622 So.2d 1253, 1255 (Miss. 1993). Additionally, "[a] circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Par Industries, Inc. v. Target Container Co., 708 So.2d 44, 47 (Miss.1998) (quoting Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993)). Therefore, this Court should follow the standard set forth in Bray v. City of Meridian, 723 So.2d 1200, 1202 (Miss.App.1998) and respect the factual findings of a circuit judge trying a cause without a jury when the findings are supported by reasonable evidence in the record and are not manifestly wrong or clearly erroneous. A finding is "clearly erroneous" when, although there is evidence to support it, on the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. The reviewing court must examine the entire record and must accept, "that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn there-from and which favor the lower court's findings of fact." Cotton v. McConnell, 435 So.2d 683, 685 (Miss.1983) (quoting Culbreath v. Johnson, 427 So.2d 705, 707-708 (Miss.1983)).
¶ 11. In reviewing the record in the case at bar, keeping our standard of review in mind, we find that the record supports the circuit judge's ruling. Not only was the lower court's decision not clearly erroneous, but we also hold that it was the only decision which could stand based on the evidence presented. This issue is without merit.
¶ 12. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.