859 So.2d 1068 (2003)
Timothy A. CHRISTIAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KM-01592-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1069 A.E. (Gene) Harlow, Grenada, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. Timothy A. Christian was convicted of driving under the influence (DUI)-first offense in the Justice Court of Grenada County, Mississippi. He appealed this conviction to the Grenada County Circuit Court which likewise found him guilty of the DUI charge in a bench trial. Christian was ordered to pay fines in the amount of $614.50 and court costs of $205.50. Aggrieved by his conviction, Christian has appealed and raised the following issues.

ISSUES PRESENTED
I. Did the trial court commit reversible error by allowing two law enforcement officers to give opinion testimony without first being qualified as experts?
II. Did the trial court commit reversible error by denying the Appellant's motion for directed verdict at the close of the State's case-in-chief?
III. Given the lack of evidence as to impairment of driving ability, did the trial court commit reversible error in finding the Appellant guilty of DUI-first offense?

STATEMENT OF FACTS
¶ 2. On September 1, 2001, Timothy Christian was driving near Mississippi *1070 Highway 35 in Grenada County. A Mississippi Highway Patrol officer who passed Christian's vehicle observed that Christian failed to stop at a stop sign and did not dim his bright headlights. The officer proceeded to stop Christian's vehicle and ask for his driver's license. The time was approximately 8:50 p.m. Upon approaching the vehicle, the officer smelled the odor of alcohol coming from the vehicle. The officer proceeded to request that Christian get out of the vehicle. It was at that time the officer noticed two six-packs of beer inside the vehicle. The officer also observed that a small child in the vehicle was not wearing a safety belt.
¶ 3. After Christian exited the vehicle, the officer asked him how much he had to drink. Christian responded that he had not been drinking. Christian's behavior towards the officer was belligerent and hostile with frequent episodes of cursing and threats to the officer. An attempt by the officer to administer a portable intoxilyzer was unsuccessful. Christian and his young son were transported to the Grenada County Jail. During the ride to the jail, the officer stopped the police car to place Christian in handcuffs due to further cursing and threats to the officer.
¶ 4. The testimony of what occurred at the jail is contested. Two officers testified for the State that Christian refused to take the intoxilyzer test. Christian testified that he blew into the intoxilyzer several times but something was wrong with the machine each time. Christian stated that the officers told him that he was not blowing hard enough. Christian was charged with refusing to take the intoxilyzer test. Hearing all of the evidence presented, the circuit judge found Christian guilty of DUI-first offense and ordered him to pay fines and costs totaling $820. From this misdemeanor conviction, Christian appeals. Finding no reversible error, we affirm.

LEGAL ANALYSIS
I. THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR BY ALLOWING TWO LAW ENFORCEMENT OFFICERS TO GIVE OPINION TESTIMONY WITHOUT FIRST BEING QUALIFIED AS EXPERTS
¶ 5. Christian asserts as his first issue that the trial court committed reversible error by admitting opinion testimony of two officers without the officers being tendered as experts. The admission of testimony is within the sound discretion of the trial court. Earnest v. State, 805 So.2d 599, 606 (¶ 23) (Miss.Ct.App.2002). Unless the discretion was exercised in a manner that was arbitrary and clearly erroneous, the decision on the admissibility of the evidence will stand. Id. Over defense counsel's objection, Officer Adams and Deputy Sheriff Harper both were permitted to give testimony as to whether, in their opinion, Christian was "under the influence" on the night in question.
¶ 6. Christian argues that for the officers to give an opinion on an ultimate issue, the two officers must be tendered as experts. Testimony on an ultimate issue is discussed in Mississippi Rule of Evidence 7.04. The rule states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." M.R.E. 704 (emphasis added). In his argument, Christian presumes that the officers were required to be tendered as experts to give an opinion on an ultimate issue. Such is not the case.
¶ 7. According to Mississippi Rule of Evidence 701, a lay witness may testify in the form of opinions or inferences which are "(a) rationally based on the perception of the witness, (b) helpful to the clear *1071 understanding of testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Officers Adams and Harper were not tendered as experts, but according to Rule 701, they could give certain opinion testimony.
¶ 8. Officer Adams testified that he observed Christian for about forty-five minutes prior to Christian's refusal to take the intoxilyzer test at the jail. He testified to smelling the odor of alcohol coming from the vehicle Christian was driving as well as observing the two six-packs of beer in the vehicle. Officer Adams also testified to Christian's belligerent and threatening behavior towards himself and other officers at the jail. It was after all this testimony that Adams was permitted to testify as to his opinion. Adams testified that based on his observations of Christian that evening, his opinion was that Christian was "under the influence" on the night in question.
¶ 9. Deputy Harper testified that he was on duty on the night of September 1, 2001. He stated that Christian was brought to the Grenada County Jail and refused to take the breath intoxilyzer test. Harper also testified to Christian's hostile, vulgar demeanor. Harper testified that he had sufficient opportunity to observe Christian and to form an opinion that he was under the influence. Harper stated, "In my opinion there was sufficient evidence that he [Christian] was drunk."
¶ 10. According to Rule 701, both officers could give testimony as to their personal observations of Christian. The officers did not have to be tendered as experts to testify to those details. Rules 701 and 704 also give the officers the ability to testify to opinions and inferences, even on ultimate issues, as long as the opinions are otherwise admissible. Because the opinions were rationally based on the perceptions of the officers, helpful to the trier of fact, and not based on scientific knowledge, they are admissible. M.R.E. 701 and 704. The trial court did not commit reversible error by admitting the officers' opinions.
II. THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR BY DENYING THE APPELLANT'S MOTION FOR DIRECTED VERDICT
¶ 11. Christian asserts as his second issue that the trial court committed error by denying his motion for directed verdict due to the lack of sufficiency of the evidence. In his appellate brief, Christian refers to the motion as a "motion to dismiss;" however, since the motion was made at the conclusion of the State's case-in-chief, the proper term is motion for directed verdict. The standard of review for denial of a judgment notwithstanding the verdict (JNOV) and directed verdict are the same. Grihim v. State, 760 So.2d 865, 866 (¶ 6) (Miss.Ct.App.2000) (citing Am. Fire Prot., Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995)). An appellant challenges the sufficiency of the evidence when he appeals from a denied motion for JNOV or directed verdict. Noe v. State, 616 So.2d 298, 302 (Miss. 1993).
¶ 12. Our state's supreme court offered guidance on this issue in McClain v. State, 625 So.2d 774 (Miss.1993). In McClain, the court stated that in appeals from a denied JNOV: "the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State." Id. at 778 (citing Esparaza v. State, 595 So.2d 418, 426 (Miss.1992)). The credible evidence consistent with [the defendant's] guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss.1974). The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Matters regarding the *1072 weight and credibility of the evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss.1984). We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz, 503 So.2d at 808; McClain, 625 So.2d at 778.
¶ 13. The trial court heard the testimony of Officers Adams and Harper and concluded that the State introduced sufficient evidence to raise a question as to whether Christian was driving while under the influence of alcohol in violation of Mississippi Code Annotated Section 63-11-30(1). As the State contends in its appellate brief, the State offered proof that Christian ran a stop sign and did not dim his headlights when Officer Adams passed his car. Clearly this was reckless driving and the officers were justified in stopping Christian's vehicle based on the traffic violations. The State also offered proof that Officer Adams smelled the odor of alcohol coming from Christian's vehicle and saw two six-packs of beer inside Christian's car. Officer Adams testified to Christian's belligerent behavior, vulgar language and threats to Officer Adams.
¶ 14. The State also introduced evidence that Christian refused to take the intoxilyzer test at the jail. This evidence was admissible against Christian. Price v. State, 752 So.2d 1070, 1074 (¶ 16) (Miss.Ct. App.2000). The trial judge denied Christian's motion for directed verdict ruling that the State had offered sufficient proof that Christian was driving his vehicle while under the influence of alcohol. Viewing the evidence in the light most favorable to the State and accepting all evidence as true, the trial judge properly denied Christian's motion for directed verdict.
III. THE TRIAL JUDGE DID NOT COMMIT REVERSIBLE ERROR IN FINDING THE DEFENDANT GUILTY OF DUI-FIRST OFFENSE
¶ 15. Christian asserts that the trial judge committed reversible error in finding him guilty of DUI-first offense given the lack of evidence on impairment of driving ability. Upon being found guilty by the circuit court, Christian did not make a motion for a new trial. Instead, he now appeals the trial court's finding of guilt.
¶ 16. Our courts have held that the finding of the trial court is to be given the same deference as a jury verdict and will not be reversed upon appeal unless manifestly wrong. Jones v. Jones, 760 So.2d 828, 829 (¶ 10) (Miss.Ct.App.2000) (citing R.C. Constr. Co., Inc. v. Nat'l Office Sys., Inc., 622 So.2d 1253, 1255 (Miss.1993)). In Jones, this Court stated, "[a] circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Id. (citing Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47 (Miss. 1998) (quoting Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993))).
¶ 17. This Court set forth the standard of review for findings of a circuit court judge in the case of Bray v. City of Meridian, 723 So.2d 1200, 1202 (¶ 16) (Miss.Ct. App.1998) when it stated that factual findings made by a trial judge sitting without a jury will be upheld when they are supported by reasonable evidence found in the record and are not manifestly wrong or clearly erroneous. In Jones, this Court stated that an appellate court must look to the entire record and "must accept that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences *1073 which may be drawn therefrom and which favor the lower court's findings of fact." Jones, 760 So.2d at 829 (¶ 10) (citing Cotton v. McConnell, 435 So.2d 683, 685 (Miss.1983) (quoting Culbreath v. Johnson, 427 So.2d 705, 707-708 (Miss. 1983))).
¶ 18. Christian relies on Section 63-11-30(1) of the Mississippi Code Annotated as his basis for the assertion that the State did not meet its burden of proof when it failed to offer any evidence on driving impairment. Section 63-11-30(1) has three separate and distinct subsections. The statute reads: "It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has an alcohol concentration of eight one-hundredths percent (.08 %) or more for persons who are above the legal age to purchase alcoholic beverages under state law...." Miss.Code Ann. § 63-11-30(1) (Supp.2003). The Circuit Court of Grenada County found Christian guilty of the crime of DUI-first offense. According to Section 63-11-30(1), Christian could be found guilty of DUI by either (a) driving under the influence of intoxicating liquor, (b) driving under the influence of any other substance impairing his driving ability, or (c) driving with eight one-hundredths percent (.08 %) blood alcohol content.
¶ 19. Christian was charged with driving while under the influence of intoxicating liquor. The applicable statute distinguishes this charge from driving while under the influence of another substance that impairs driving ability. Given the distinction in statutory language, we hold that the State was not obligated to offer proof on impairment of Christian's driving ability only proof of his driving under the influence of intoxicating liquor. Despite the fact that the State was not required to offer proof of Christian's impaired driving ability, the State offered this proof anyway. Officer Adams testified that Christian ran a stop sign and failed to turn off his high beams as he passed the officer. Clearly Christian's actions were evidence of his driving impairment. Keeping in mind our standard of review, the trial court's decision was in no way clearly erroneous and was supported by evidence contained in the record. Finding no error, the decision of the lower court is affirmed.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF CONVICTION OF DUI-FIRST OFFENSE AND FINES OF $614.50 IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.