William H. "Rusty" DURHAM, M.D., Plaintiff

v.

KATZMAN, WASSERMAN AND BENNARDINI; Paul Scanlon; and Jay Wasserman, Defendants.

Civil Action No. 2:04CV423–KS–JMR.

United States District Court, S.D. Mississippi, Hattiesburg Division.

June 9, 2005.

---

Grady F. Tollison, Jr., Tollison Law Firm, Oxford, MS, for Plaintiff.

Grady F. Tollison, Jr., Tollison Law Firm, Oxford, MS, J. Robert Ramsay, Ramsay & Hammond, PLLC, Hattiesburg, MS, for Defendants.

Paul Scanlon, Scanlon Law Firm, P.C., Manassas, VA, pro se.

## ORDER OVERRULING MOTIONS TO DISMISS

STARRETT, District Judge.

This case is before the Court on Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and the Court, after reviewing the memoranda and authorities cited, does hereby find that the motion

should be denied for the reasons as hereinafter set forth.

### FACTUAL BACKGROUND

William H. "Rusty" Durham, M.D. (hereinafter "Durham") is the sole proprietor of Durham Medical Solutions located in Hattiesburg, Mississippi. According to his complaint and response to motion to dismiss, Durham entered into an oral contract with the defendants to provide echocardiograms on potential plaintiffs in the defendants' pending pharmaceutical litigation. The contract was formed by way of a telephone conversation, with Durham located in Mississippi and the defendants located in Virginia and Florida, respectively.

Durham claims the terms of the oral contract stipulated that he would subcontract to provide the services of a level II cardiologist to read the results of the tests, which were to be performed outside the state by Durham. The reading of the results, however, would take place in Jackson, Mississippi, with the reading services provided by a designated Mississippi cardiologist. Durham also claims that the defendants sent an agent into the state of Mississippi to seek assistance in filing the forms necessary to process the test results and compile paperwork for the claims.

The defendants deny virtually all of Durham's allegations. In their motions for dismissal and reply defendants maintain that Durham stated that he was qualified to read test results himself and would do so outside of the state of Mississippi. While simultaneously denying the existence of the contract, the defendants claim that both formation of the contract occurred outside of Mississippi (that Durham was not in Mississippi during the telephone contract formation) and that no material portion of the contract was contemplated to be performed in Mississippi. The defendants also claim that the employee Durham refers to was not their agent and has never served in their employ.

Aside from the allegations in both parties' motions and responses, the plaintiff has submitted, by way of response to the 12(b)(2) motions, an affidavit by Durham which restates under oath the elements of his claim necessary to establish personal jurisdiction. The plaintiff has also submitted a non-deposited check written by one of the defendants as partial payment for Durham's services, which contained a note directing Durham when the check should be deposited.

The defendants have submitted a sworn affidavit by Jay Wasserman, restating the material portions of his claims that challenge the factual allegations used by Durham to establish personal jurisdiction in Mississippi.

### DISCUSSION

■ In order for the Court to exercise personal jurisdiction over a non-resident defendant, the plaintiff must first demonstrate the defendant falls within one of the three prongs of the Mississippi long-arm statute. *First Trust National Association v. Jones, Walker, Waechter, Poitevent, Carrere and Denegre*, 996 F.Supp. 585, 590 (S.D.Miss.1998). These include either the "tort prong," the "contract prong," or the "doing business prong" of the state's statute. Miss.Code Ann. § 13–3–57. To establish the "contract" prong of the Mississippi long-arm statute, the plaintiff must show that the nonresident defendant entered into a contract with the plaintiff which has been, or is to be, performed, at least in part, in Mississippi. *Miller v. Glendale Equipment & Supply Co.*, 344 So.2d 736, 738 (1977).

■ After establishing that the state's long-arm statute encompasses the defendants' activity for purposes of the suit, the

plaintiff must also ensure that the state's exercise of personal jurisdiction over the defendant would be permissible under the Fourteenth Amendment. As such, the defendants' contacts with the forum must be sufficient so as to "not offend the traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp., v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). More importantly, the "defendants' conduct in connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." *Id.* at 297, 100 S.Ct. 559.

### Are the Plaintiff's Allegations Sufficient to Establish Personal Jurisdiction?

■ In defendant Scalon's objection to personal jurisdiction, he claims that a plaintiff must establish that a potential defendant has systematic and continuous contacts with the forum state for it to exercise personal jurisdiction over such a defendant. (Memorandum Brief in Support of Motion to Dismiss Defendant, p. 8). This is not an accurate statement of the law, as "even a single purposeful contact is sufficient to satisfy the due process requirement of minimum contacts when the cause of action arises from the contact." *Gardner v. Clark,* 101 F.Supp.2d 468, 476 (N.D.Miss.2000). The allegations by Durham that lend themselves to finding proper personal jurisdiction arise out of the specific contacts of this defendant with the forum state, and if true would be sufficient to find both the contract prong of the statute and the Fourteenth Amendment concerns satisfied.

■ A similar analysis can be used to weigh the allegations against the Wasserman defendants in establishing personal jurisdiction. Though non-residents with no systematic contacts with the state, the plaintiff has alleged that they entered into a contract while one party was in Missis-

sippi, and that a material portion of the contract was agreed to be performed in Mississippi by a third party Mississippi physician. (Memorandum Brief in Response to Motion to Dismiss Defendants, p. 4).

Moreover, the plaintiff even alleges that the Wasserman defendants sent an agent into the state to help execute an additional portion of the contract. Whether this was contemplated at the time of formation of not, this activity would be sufficient to satisfy both the contract prong of the long-arm statute, and perhaps even the "doing business" prong. Also, the activity of the agent, when viewed independently of the use of an additional in-state physician, bolsters the plaintiff's claim that it was foreseeable to the defendants that they might be haled into court in Mississippi. In fact, their unilateral dispatch of an agent can be viewed as reaching out to the forum state and purposely availing themselves of its protection.

A counter-analysis might find that Durham failed to carry the burden of establishing jurisdiction because of the minimal submission of his own affidavit as the sole basis to establish jurisdiction. The affidavit merely rehashes his own complaint and gives the court little to build upon exercising jurisdiction. Even so, the inherent nature of an oral contract leaves little in the way of documentary evidence that might be offered to support personal jurisdiction. If the court were to dismiss at this stage, it would seem to be punishing a plaintiff by forcing him to manufacture more evidence than the underlying breach of the oral contract itself produced.

### What is the Effect of Dueling Affidavits on a Motion to Dismiss?

■ In ruling on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the court "must accept as true the uncontroverted

allegations in the complaint and resolve in favor of the plaintiff any factual conflict." *Stripling v. Jordan Production Co.,* 234 F.3d 863, 869 (5th Cir.2001). Even so, the non-resident defendant has the ability with the pre-trial 12(b)(2) motion, to litigate, through the use of affidavits or live testimony, the facts necessary to determine personal jurisdiction. *R.C. Construction Co., Inc. v. National Office Systems, Inc.,* 622 So.2d 1253, 1255 (Miss.1993).

█ If the defendant is able, through his submission of uncontroverted evidence, to defeat the claim of personal jurisdiction against him, the court should dismiss the complaint. *Id.* When challenged by a pre-answer motion under this standard, it is the plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the due process clause of the constitution. *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.,* 894 F.2d 9, 11 (1st Cir.1990). If there is a conflict of affidavits submitted on the question of personal jurisdiction, the conflict is resolved in favor of the plaintiff. See *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 545 (5th Cir.1985).

In their memoranda to support dismissal, the defendant in this case misconstrue both the legal holding of the relevant authority as well as badly misstate a significant quote from their principal case. (Memorandum Brief in Support of Motion to Dismiss Defendant, Paul Scanlon, quoting *R.C. Construction Co.,* p. 2). The thrust of their position would say that once conflicting affidavits are on record, the court should dismiss the complaint for lack of personal jurisdiction in favor of the defendant. In other words, not only, does the presumption in favor of the plaintiff vanish, but a *"defacto"* presumption in favor of the defense would materialize following a defense affidavit contesting personal jurisdiction.

This is simply incorrect. As the First Circuit elaborated in an analogous case facing a personal jurisdiction challenge at a similar state in the litigation, "in determining whether the prima facie demonstration has been made, the district court is not acting as a fact finder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." *United Electrical Radio and Machine Workers of America v. 163 Pleasant St. Corp.,* 987 F.2d 39, 44 (1st Cir.1993). Essentially, even though a defendant can challenge personal jurisdiction through submitting affidavits, the plaintiff still is able to submit their own affidavit evidence to reestablish it. Once submitted, the plaintiff's affidavits enjoy the same presumption as the complaint in the pre-trial state, and therefore allow the court to exercise personal jurisdiction if shown through such evidence. In short, because this case offers a "tie" through dueling affidavits, the tie goes to the non-moving plaintiff. *See also Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir.1990)(holding that failure to construe factual conflicts contained in affidavits submitted contesting personal jurisdiction in favor of plaintiff constitutes reversible error).

It is problematic to the court that the plaintiff has done very little in his pleadings to establish personal jurisdiction. However, the court in considering all the submissions *in toto* find that the plaintiff has met his burden.

IT IS THEREFORE ORDERED AND ADJUDGED for the reasons above stated that the Motions to Dismiss filed by defendants herein be and the same is hereby overruled.