¶ 1. On September 22, 2004, Jimmy McCool (McCool) was found guilty by an Attala County Circuit Court jury of driving under the influence of intoxicating liquor. McCool was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections, as this was his third D.U.I. conviction in five years. He was also ordered to pay a fine of five thousand dollars plus court costs and fees. McCool now appeals raising only the issues of weight and sufficiency of the evidence.
 FACTS ¶ 2. On November 16, 2003, Attala County Deputy Sheriff Zelie Shaw was called to Jerry Ray's residence for a domestic altercation involving McCool and his sons, Jimmy McCool, Jr. (Jimmy) and Robbie McCool (Robbie). Jimmy and Robbie, along with Karen McCool, McCool's ex-wife, were present at Ray's residence when Deputy Shaw arrived. Shaw was informed of the altercation and noticed redness and swelling on the left side of Robbie's face. Shaw then drove to McCool's residence, but McCool was not home. While Shaw was waiting in his vehicle on the road in front of McCool's residence, McCool drove up to his home, then backed out into the road in front of his home. Shaw then exited his vehicle and stopped McCool, apparently to question him about the domestic altercation. Shaw testified that a strong odor of alcohol was on McCool's breath, his speech was slurred, his eyes were bloodshot, a half-gallon of liquor was sitting between the driver's and passenger's seat, and a glass of liquor was sitting in the console. When Shaw advised McCool why he was at his residence, McCool became irate, loud, and belligerent. Shaw then asked McCool to step out of the vehicle. McCool complied but had to steady himself and began cursing Shaw. Shaw then placed McCool under arrest as McCool struggled and resisted and continued cursing and threatening Shaw. Shaw handcuffed McCool and placed him in the backseat of his patrol car. Shaw called another officer, Deputy Robert Riley, for assistance and began photographing the evidence. McCool refused to take the Intoxilizer test in the presence of Shaw, Riley, and jailer Tonya Roby.
 ANALYSIS ¶ 3. McCool challenges both the legal sufficiency and weight of the evidence. In reviewing a challenge of legal sufficiency, this Court must determine whether any rational juror could have found that the State proved each and every element of the crime charged beyond a reasonable doubt. Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss. 2005) (citing Jackson v. Virginia, 443 U.S. 307,319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The State must be given the benefit of all reasonable inferences that may be drawn from the evidence. Christian v. State, *Page 467 859 So.2d 1068, 1071(¶ 12) (citing Wetz v. State, 503 So.2d 803,808 (Miss. 1987)). In reviewing a claim that the verdict was against the overwhelming weight of the evidence, this Court will only reverse a conviction if allowing it to stand would sanction an unconscionable injustice. Id. at 844(¶ 18) (citing Herringv. State, 691 So.2d 948, 957 (Miss. 1997)).
 ¶ 4. McCool was convicted of third offense D.U.I. in violation of Mississippi Code Annotated § 63-11-30 (Rev. 2004). Therefore, the State was required to prove the following elements beyond a reasonable doubt: (1) that McCool was operating a motor vehicle, (2) while under the influence of intoxicating liquor. Miss. Code Ann. § 63-11-30(1). The State was also required to prove that McCool had twice been convicted of D.U.I. in the five years prior to the current D.U.I. charge. Miss. Code Ann. § 63-11-30(2)(c). The State introduced into evidence two sentencing orders in which McCool had been convicted of separate D.U.I. charges in the past five years.
 ¶ 5. Robbie, Jimmy, Karen, Shaw, and Roby testified at trial. Each witness testified that, based on their observations, McCool was drunk on November 16, 2003. However, only Shaw witnessed McCool driving while under the influence of intoxicating liquor. He testified that McCool had slurred speech and bloodshot eyes, smelled of alcohol, had trouble standing, was loud and belligerent, and had more than one open container of alcohol in the vehicle. Shaw also testified that McCool refused the Intoxilizer test. The remaining witnesses' testimony buttressed Shaw's testimony that McCool was indeed intoxicated. McCool's sons and ex-wife had seen him intoxicated shortly before Shaw witnessed him driving while intoxicated. Further, Roby, the jailer, observed McCool's intoxication immediately after his arrest and transportation to the jailhouse. In viewing the evidence in the light most favorable to the verdict, we find both that the State proved every element of the D.U.I. charge beyond a reasonable doubt, and that a reasonable juror could have found McCool guilty of third offense D.U.I. based on the evidence presented
 ¶ 6. THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT OFCONVICTION OF THIRD OFFENSE D.U.I. AND SENTENCE OF FIVE YEARS INTHE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUTTHE POSSIBILITY OF PAROLE OR PROBATION, ALONG WITH A FINE OF FIVETHOUSAND DOLLARS PLUS COURT COSTS AND FEES IS AFFIRMED. ALL COSTSOF THIS APPEAL ARE ASSESSED TO APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.