MYERS, P.J.,
for the Court.
¶ 1. David Ouzts was convicted in the Holmes County Justice Court of driving under the influence first offense and reckless driving. Following that conviction, Ouzts appealed to the Circuit Court of Holmes County which affirmed the justice court’s ruling. From this ruling, Ouzts *1006 appeals to this Court raising the following three issues:
I. THE COURT ERRED IN FINDING THAT HOLMES COUNTY, MISSISSIPPI WAS THE PROPER VENUE FOR THIS ACTION AS TO THE CHARGE OF DUI FIRST OFFENSE.
II. THE COURT ERRED IN FINDING DAVID OUZTS GUILTY OF THE OFFENSE OF RECKLESS DRIVING IN VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 63-3-1201.
III. THE COURT ERRED IN FINDING DAVID OUZTS GUILTY OF THE OFFENSE OF DUI FIRST OFFENSE IN VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 63-11-30.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On March 14, 2002, David Ouzts was issued traffic citations for reckless driving and DUI first offense by Mississippi Highway Patrolman Jerry Merrill. During a May 3, 2004 hearing in the Justice Court of Holmes County, Ouzts was found guilty of both offenses. Following this conviction Ouzts appealed to the Circuit Court of Holmes County. Ouzts again was found guilty of reckless driving and DUI first offense. Ouzts was ordered to pay a fine of $700, perform forty-eight hours of community service in Holmes County, to attend the MASEP program for the DUI first offense and fined $154 for the reckless driving violation. From the judgment of the Circuit Court of Holmes County, Ouzts appealed to this Court.
¶ 4. While Officer Merrill was performing a traffic stop of an impaired driver, he observed Ouzts traveling at a high rate of speed and on the wrong side of the road. Officer Merrill testified that he moved between his patrol car and the parked car of the other offender fearing for his own safety. Once Ouzts’ truck passed, Officer Merrill entered his patrol ear and gave pursuit. The pursuit began in Holmes County and concluded in Leflore County.
¶ 5. When Ouzts stopped and exited his vehicle, Officer Merrill testified that he smelled alcohol. Ouzts staggered, slurred his speech, had blood-shot eyes, and had to hold on to his truck to steady himself. Officer Merrill directed Ouzts to blow into the portable alcohol detector, which indicated that Ouzts was intoxicated over the legal limit.
¶ 6. Ouzts was then taken by Officer Merrill, in his patrol car, to the Leflore County substation. There Ouzts refused to cooperate with Officer Merrill by blowing into Intoxilyzer 5000. Instead, Ouzts bit on the mouthpiece. After several attempts, the only reading which came from the intoxylizer was “insufficient sample.” Officer Merrill then charged Ouzts with common law DUI and reckless driving, and he was convicted of both in justice and circuit court.
STANDARD OF REVIEW
¶ 7. Our courts have held that the finding of the trial court is to be given the same deference as a jury verdict and will not be reversed upon appeal unless manifestly wrong. Jones v. Jones, 760 So.2d 828, 830 (¶ 10) (Miss.Ct.App.2000) (citing R.C. Constr. Co., Inc. v. Nat’l Office Sys., Inc., 622 So.2d 1253, 1255 (Miss.1993)). In Jones, this Court stated, “ ‘[a] circuit court judge sitting without a jury is afforded the same deference with regard to his findings as a chancellor,’ and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Id. (citing Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47 *1007 (Miss.1998) (quoting Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993))).
¶ 8. This Court set forth the standard of review for findings of a circuit court judge in the case of Bray v. City of Meridian, 723 So.2d 1200, 1202 (¶ 16) (Miss.Ct.App.1998) when it stated that factual findings made by a trial judge sitting without a jury will be upheld when they are supported by reasonable evidence found in the record and are not manifestly wrong or clearly erroneous. In Jones, this Court stated that an appellate court must look to the entire record and must accept “that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court’s findings of fact.” Jones, 760 So.2d at 830 (¶ 10) (citing Cotton v. McConnell, 435 So.2d 683, 685 (Miss.1983) (quoting Culbreath v. Johnson, 427 So.2d 705, 707-08 (Miss.1983))).
I. THE COURT ERRED IN FINDING THAT HOLMES COUNTY, MISSISSIPPI WAS THE PROPER VENUE FOR THIS ACTION AS TO THE CHARGE OF DUI FIRST OFFENSE.
¶ 9. As his first issue on appeal, Ouzts asserts that venue was not proper in Holmes County due to the stop occurring in Leflore County. We do not agree.
¶ 10. At the close of the Holmes County’s case-in-chief Ouzts made a motion to dismiss the DUI charge due to Holmes County not being the proper venue. The trial court denied the motion. Ouzts argues that since he was stopped in Leflore County and taken to the Leflore Substation, then Leflore was the proper venue for the offense and not Holmes County.
¶ 11. The supreme court has stated that venue is properly established through the testimony of the officer. Bearden v. State, 662 So.2d 620, 625 (Miss.1995). Additionally, Mississippi Code Annotated section 99-11-3(1) (Rev.2000) states that “[t]he local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed.”
¶ 12. As the record reflects, Officer Merrill testified that he first observed Ouzts in Holmes County where he was conducting a stop of another driver. Officer Merrill further testified that he pursued Ouzts into Leflore County from Holmes County. The stop did occur in Leflore County, but Officer Merrill first observed Ouzts in Holmes County. The crime of DUI first offense was committed in Holmes County; therefore, venue was proper. This issue is without merit.
II. THE COURT ERRED IN FINDING DAVID OUZTS GUILTY OF THE OFFENSE OF RECKLESS DRIVING IN VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 63-3-1201.
¶ 13. Ouzts raises as his second issue on appeal his conviction of reckless driving. Since reckless driving is defined by statute as “wanton disregard for the safety of persons or property,” he believes there was not enough evidence to convict him of this offense. Ouzts contends that there was a lack of evidence of other cars or people on the highway that could have been endangered by his driving. We do not agree.
¶ 14. Reckless driving is defined by statute as “Any person who drives in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving.” Miss.Code Ann. § 63-3-1201 (Rev.2004). Our supreme court has applied the terms “safety of persons or property” not only to the public, but to the defendant as well. In Barnes v. State, 249 Miss. 482, 484-85, 162 So.2d 865, 866 (1964), the supreme court stated:
The driving of a vehicle in such a manner as to indicate “either a wilful or a *1008 wanton disregard for the safety of persons or property” is reckless driving. Miss.Code 1942, Rec., § 8175. This provision, based on the Uniform Vehicle Code, seeks “to prohibit conduct jeopardizing even the driver’s own safety and property, not merely that ‘of others.’ No qualifying language restricts a protection to the person or property of another.” Reckless driving means the commission of conscious acts or omissions which the driver knows or should know create an unreasonable risk of injury or damage. That which is necessary is that the driver should realize the strong probability of harm likely to ensue.
A conviction for reckless driving does not require that the actions of the defendant pose a danger to another person or another’s property, but that the defendant’s actions pose a danger to himself or his property.
¶ 15. The case sub judice provides evidence that Ouzts posed a danger not only to himself, but to Officer Merrill. Officer Merrill testified that while he was securing the automobile of the other driver he heard Ouzts coming toward him at a high rate of speed and on the wrong side of the road. Officer Merrill testified that he had to get between his patrol car and the other car in order to avoid being hit by Ouzts. Additionally, Ouzts was a danger to himself and his property through his actions. Therefore, there is sufficient evidence to support a conviction for reckless driving; this issue is without merit.
III. THE COURT ERRED IN FINDING DAVID OUZTS GUILTY OF THE OFFENSE OF DUI FIRST OFFENSE IN VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 63-11-30.
¶ 16. As his final issue on appeal, Ouzts asserts that there was insufficient evidence to support his conviction for driving under the influence of alcohol. Ouzts argues that there is no scientific testing which indicates any alcohol in his blood or on his breath. He contends that without this scientific evidence his conviction for common law DUI under Mississippi Code Annotated section 63-11-30 (Rev.2004) should be overturned. We do not agree.
¶ 17. In Christian v. State, 859 So.2d 1068, 1070-71 (¶¶ 5-10) (Miss.App.Ct. 2003), this Court stated officers could offer opinion testimony as to the intoxication of an impaired driver. In that case, Christian would not submit to an Intoxylizer test. In that case we stated:
The officers did not have to be tendered as experts to testify to those details. Rules 701 and 704 also give the officers the ability to testify to opinions and inferences, even on ultimate issues, as long as the opinions are otherwise admissible. Because the opinions were rationally based on the perceptions of the officers, helpful to the trier of fact, and not based on scientific knowledge, they are admissible. M.R.E. 701 and 704. The trial court did not commit reversible error by admitting the officers’ opinions.
Id. at 1071 (¶ 10). Our supreme court has also ruled that evidence of a defendant’s refusal to submit to breathalyser examination is admissible at trial. Ricks v. State, 611 So.2d 212, 216 (Miss.1992).
¶ 18. Officer Merrill at trial testified that at the time of the stop Ouzts smelled of alcohol, was unsteady on his feet, had slurred speech, and had blood-shot eyes. During the stop Officer Merrill administered a portable breath test that registered Ouzts’ blood alcohol level over the legal limit of 0.08%. Officer Merrill then transported Ouzts to the Leflore County substation where several attempts were *1009 made to administer the Intoxilyzer 5000. Before administering the test Officer Merrill prepared an Intoxilyzer 5000 Operational Check List. Officer Merrill testified that he attempted to administer the test, but Ouzts bit down on the mouthpiece which caused the mouthpiece to crack and ultimately caused the Intoxilyzer to register “insufficient sample.” Officer Merrill stated that he changed the mouth piece and attempted to get Ouzts to properly submit to the Intoxylizer test, but Ouzts repeated his previous action. Following these attempts Officer Merrill recorded on the check list that Ouzts had refused to submit to the test. Additionally, Ouzts refused to sign the check list indicating that he had been informed of his right to call for legal or medical assistance. At trial Officer Merrill offered the following testimony concerning statements made by Ouzts:
Ma’am, if I’m not mistaken, Mr. Ouzts’ exact words that he did not want to sign due to the fact that he wasn’t sure if he would pass the test with the slurred speech speaking. And, again, I told him that would be only his right if he chose not to. He did admit that he had been drinking, but he don’t know if he would want to sign anything, much less take the test.
Following the trial, the Circuit Court of Holmes County convicted Ouzts of DUI first.
¶ 19. We find that there was sufficient evidence presented at trial to support Ouzts’ conviction on common law DUI. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY OF CONVICTION OF DUI-FIRST OFFENSE AND FINE OF $700, FORTY EIGHT HOURS OF COMMUNITY SERVICE IN HOLMES COUNTY AND ATTEND THE MASEP PROGRAM; AND CONVICTION OF RECKLESS DRIVING AND FINE OF $154 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.